UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| VERNON MERCIER, Derivatively on behalf of MASSEY ENERGY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DON L. BLANKENSHIP, BAXTER PHILLIPS, JR., DAN MOORE, E. GORDON GEE, RICHARD M GABRYS, JAMES CRAWFORD, BOBBY R. INMAN, ROBERT H. FOGLESONG, H. DREXEL SHORT, JR., J. CHRISTOPHER ADKINS, JEFFREY M. JAROSINSKI, LADY BARBARA THOMAS JUDGE, STANLEY C. SUBOLESKI, ELIZABETH CHAMBERLIN and THOMAS COOK, )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants, )<br>)<br>and )<br>)<br>MASSEY ENERGY COMPANY, a Delaware Corporation )<br>)<br>Nominal Defendant. ) | **Case No. 2:07-0555** |

**PLAINTIFF AND HIS COUNSEL'S RESPONSE TO DEFENDANTS'
JOINT MOTION FOR RULE 11 SANCTIONS**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL AND PROCEDURAL BACKGROUND......................................... 3

III.    ARGUMENT ...................................................................................................... 3

        A.      Sanctions Should Be Denied Unless There is "Absolutely No
                Chance of Success Under the Existing Precedent.".............................. 3

        B.      Plaintiff and Plaintiff's Counsel Had A Good Faith Basis Grounded in a
                Reasonable Investigation to File the Amended Complaint..................... 4

IV.     CONCLUSION................................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Brubaker v. City of Richmond*,
943 F.2d 1363 (4th Cir. 1991) ................................................................................4

*Cabell v. Petty*,
810 F.2d 463 (4th Cir. 1987) ..................................................................................4

*Forrest Creek Assocs. v. McLean Sav. & Loan Ass'n*,
831 F.2d 1238 (4th Cir. 1987) ................................................................................4

*Hoover Universal, Inc. v. Brockway Imco, Inc.*,
809 F.2d 1039 (4th Cir. 1987) ................................................................................4

*In re Cox Communications, Inc. Shareholders Litigation*,
879 A.2d 604 (Del. Ch. 2005)..............................................................................2, 3

*K.M.B. Warehouse Distribs. v. Walker Mfg. Co.*,
61 F.3d 123 (2d Cir. 1995).......................................................................................4

*Kosnoski v. Howley*,
No. 91-1818, 1992 U.S. App. LEXIS 24363 (4th Cir. Sept. 24, 1992) .................2, 4

*Parrish v. Patel*,
No. 92-1197, 1993 U.S. App. LEXIS 1838 (7th Cir. Feb. 3, 1993) ..........................5

*Zaldivar v. City of Los Angeles*,
780 F.2d 823 (9th Cir. 1986) ...................................................................................5

STATUTES

Fed. R. Civ. P. 11(b)(2)...................................................................................1, 3, 4, 5

Plaintiff Vernon Mercier ("Plaintiff") and his counsel respectfully submit this memorandum in response to Defendants' Joint Motion for Rule 11 Sanctions (the "Motion") and memorandum in support thereof ("Def. Mem.") filed with the Court on March 3, 2009. To avoid duplicative submissions, Plaintiff also refers the Court generally to his Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss Plaintiff's Amended Shareholder Complaint ("MTD Opposition" or "MTD Opp.," docket entry 106) and to the Declarations of Lee D. Rudy ("Rudy Dec.") and Michael J. Hynes ("Hynes Dec."), submitted herewith.

## I.   **INTRODUCTION**

Defendants' Motion is predicated on three false premises – namely, that Plaintiff and his counsel: (1) stand no chance of surviving Defendants' pending Motions to Dismiss; (2) know this to be the case; and (3) continue to spend their own time and energy simply "to harass Defendants and to extract legal fees from Massey." Def. Mem. at 18.

Nothing could be farther from the truth. Plaintiff's MTD Opposition explains why each of Defendants' arguments fails. The Manville Settlement release does not preclude continued litigation by Plaintiff in this Court because Defendants did not comply with the terms of this settlement and thus are not legally entitled to rely on the release they purportedly bargained for. Whereas Defendants claim that the Amended Complaint merely "modified the Original Complaint slightly," Def. Mem. at 6, in fact this pleading adds claims that were never brought, prosecuted, or settled in the Manville Litigation. Thus "different evidence" is at issue in this action and the principles of *res judicata* and *collateral estoppel* are inapplicable. The Manville Settlement is further subject to collateral attack because, while it was found to be reasonable by the state court, it rests on a constitutionally infirm notice under federal standards of due process.

While Defendants may be convinced of the strength of their own arguments, Rule 11 sanctions should not be imposed if "the advocate has an objective glimmer of a chance of

prevailing on the issue." *Kosnoski v. Howley*, No. 91-1818, 1992 U.S. App. LEXIS 24363, at *16-17 (4th Cir. Sept. 24, 1992). Having demonstrated far more than a "glimmer of a chance," Plaintiff submits that in fact Defendants' Motions to Dismiss should properly be denied on the grounds explicated in his MTD Opposition. At the very least, although it clearly displeases Defendants greatly, Plaintiff and his counsel have a good faith basis to proceed here.

Regardless of the strength of Plaintiff's legal arguments, however, Defendants' personal attacks against Plaintiff cannot be tolerated. True, in the *Inter-Tel* action cited by Defendants, Def. Mem. at 2, Mr. Mercier and his counsel (the same counsel he has retained here) lost their motion for a preliminary injunction. Mr. Mercier sat for a deposition in this highly contentious litigation, and his counsel expended hundreds of hours of time and effort for very little gain. Rudy Dec. ¶5. In that same case, however, Vice Chancellor Leo Strine of the Delaware Chancery Court complimented Mr. Mercier and his counsel because "they didn't quit." Rudy Dec. ¶5, Exh. A, at 10-11.[1] Losing an argument, Defendants should certainly recognize, is hardly *per se* proof of an advocate's bad faith.

So while Defendants infer from Mr. Mercier's aggressive pursuit of his claims that he is motivated by some improper intent, this theory holds no water. Since his objection to the Manville Settlement was overruled, the parties have never even discussed attorneys' fees in this matter,[2] and Plaintiff has no interest in settling this action prior to defeating the pending Motions

---

[1] The Vice Chancellor's compliment of Plaintiff and his counsel in *Inter-Tel* is properly assigned even greater importance in light of the Vice Chancellor's authorship of the seminal *Cox Communications* decision, *In re Cox Communications, Inc. Shareholders Litigation*, 879 A.2d 604 (Del. Ch. 2005). In *Cox*, Vice Chancellor Strine rejected a plaintiffs' attorney's fee request in shareholder litigation surrounding a going-private merger transaction. *Id.* at 648, while bemoaning the typical "negotiation dance" between adversaries in shareholder litigation, *id.* at 610, as well as the dearth of examples of "plaintiffs' lawyers refusing to settle." *Id.* at 621.

[2] *See* Rudy Dec. at ¶¶8, 10-11; Hynes Dec. at ¶¶4-7. Perhaps because their counsel only appeared telephonically at the hearing, Defendants completely distort comments made by Plaintiff's Counsel and the Court at the May 21, 2008 status conference. Hynes Dec. at ¶6. In fact, upon learning of the generous $2.7 million fee sought by the plaintiff's counsel in the Manville Litigation, it was ***the Court*** who initiated the facetious discussion regarding whether

to Dismiss.  How exactly is Plaintiff's Counsel here intending to "extract fees from Massey" when Plaintiff has never made a settlement demand?

In sum, Defendants' Motion falls far short of the mark.  Rule 11 sanctions are neither properly sought nor imposed merely because Defendants view their legal authority to be more persuasive than Plaintiff's legal authority.  Plaintiff is motivated by a good faith desire to remedy the gross abuses of fiduciary duty wrought by the Individual Defendants at the Company's expense.  Defendants' displeasure that this litigation continues against their wishes is not equivalent to "harassment."  Plaintiff and his counsel have no motivation to pursue this litigation if they do not believe it to be meritorious.  Just because two sets of plaintiffs' lawyers have accepted meaningless corporate governance settlements and multi-million dollar attorneys' fees in a three year period (*see Arlia* and *Manville*) does not mean that Plaintiff here is obligated, on Defendants' unfounded command, simply to "quit."  Defendants' Motion should be denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff respectfully refers the Court generally to his MTD Opposition and to the Declarations of Lee D. Rudy and Michael J. Hynes, submitted herewith.

## III.   ARGUMENT

### A.   Sanctions Should Be Denied Unless There is "Absolutely No Chance of Success Under the Existing Precedent."

Rule 11 forbids lawyers and parties from submitting signed documents not "warranted by existing law or by a nonfrivolous argument for the extending, modifying, or reversing existing law" or which are "being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation."  Fed. R. Civ. P. 11(b)(2).  An

---

Plaintiff's counsel would like some of the fees proposed by Manville Settlement. *See* Hynes Dec. at ¶4.  The only serious discussion of attorneys' fees that day related to how inordinately high these fees were compared to the limited nature of the relief obtained in the Manville Settlement. *Id.* at ¶7.

assertion of law only violates Rule 11(b)(2) when, applying a standard of objective reasonableness, it can be said that "a reasonable attorney in like circumstances could [not have] believed his actions to be … legally justified." *Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir. 1987). A legal contention is unjustified when "a reasonable attorney would recognize [it] as frivolous." *Forrest Creek Assocs. v. McLean Sav. & Loan Ass'n*, 831 F.2d 1238, 1245 (4th Cir. 1987). Put differently, a party only violates the requirement that pleadings be well-grounded in law if the complaint has "absolutely no chance of success under the existing precedent." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991) (quoting *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 988 (4th Cir. 1987)); *Kosnoski*, 1992 U.S. App. LEXIS 24363 at *16-17 (sanctions should not be imposed if "the advocate has an objective glimmer of a chance of prevailing on the issue").

When deciding whether to impose Rule 11 sanctions, a court must be careful not to chill creative advocacy. *Cabell*, 810 F.2d at 466; *Kosnoski*, at *16. Therefore, advocating a new or novel legal theory should not normally result in sanctions. *Hoover Universal, Inc. v. Brockway Imco, Inc.*, 809 F.2d 1039, 1044 (4th Cir. 1987). Sanctions should only be imposed if "it is patently clear that a claim has absolutely no chance of success," and all doubts should be resolved in favor of the signing attorney. *K.M.B. Warehouse Distribs. v. Walker Mfg. Co.*, 61 F.3d 123, 131 (2d Cir. 1995), quoting *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993).

**B.     Plaintiff and Plaintiff's Counsel Had A Good Faith Basis Grounded in a Reasonable Investigation to File the Amended Complaint**

Plaintiff and his counsel did not come to a hasty decision to file the Amended Complaint. Rudy Dec. ¶¶13-15. The Amended Complaint was filed only after exhaustive research and discussion regarding the viability of the claims contained therein, and the potential effects of the

Manville Settlement on the continued prosecution of these claims. *Id.* As documented in great detail herein and in the MTD Opposition, Plaintiff and his counsel conducted an extensive investigation into the claims asserted in the Amended Complaint and determined that Plaintiff had far more than the requisite "objective glimmer" of succeeding on those claims in this Court. *See* Plaintiff's Opp. at 9-16. Moreover, Plaintiff relied on his counsel's representations regarding the strength of these arguments when he authorized the filing of the Amended Complaint seeking relief from the Individual Defendants for the damages sustained by the Company under their watch. Rudy Dec. at ¶4.

As discussed herein, Plaintiff and his counsel have meritorious legal arguments denying the application of Defendants' defenses of release and *res judicata*. Thus, Defendants' claims of harassment fail and do not provide a basis for sanctions against Plaintiff or his counsel. *See Parrish v. Patel,* No. 92-1197, 1993 U.S. App. LEXIS 1838 at *25 (7th Cir. Feb. 3, 1993) (overruling district court's grant of sanctions based on a finding of harassment where the theory of the complaint was not frivolous and defendants' asserted defense was not so apparent that it could not be contested in good faith); *see also Zaldivar v. City of Los Angeles*, 780 F.2d 823, 834 (9th Cir. 1986) (reversing imposition of Rule 11 sanctions because regardless of any other motivation the vindication of rights secured by the fourteenth amendment cannot be deemed impermissible harassment). Each of these reasons independently counsel against imposing sanctions against Plaintiff and his counsel. Accordingly, Plaintiff and his Counsel respectfully submit that the Court should deny Defendant's improper Rule 11 motion, which is premised entirely on Defendants' own optimism about their prospects for success on their pending Motions to Dismiss.

IV.     **CONCLUSION**

The Amended Complaint was only filed after extensive legal and factual investigation into the legal merits of its claims and was brought in good faith without any improper purpose. Accordingly, Defendants' Motion should be denied.

March 20, 2009                              Respectfully Submitted,

                                        _____/s/ J. Daniel Albert ___ ___ ___
                                        Lee D. Rudy
                                        Michael J. Hynes
                                        J. Daniel Albert
                                        Barroway Topaz Kessler
                                        Meltzer & Check, LLP
                                        280 King of Prussia Road
                                        Radnor, PA 19087
                                        (610) 667-7706 (Phone)
                                        (610) 667-7056 (Fax)

                                        Barry M. Hill
                                        Anapol Schwartz Weiss
                                        Cohan Feldman Smalley, PC
                                        89 12th Street
                                        Wheeling, WV 26003
                                        (304) 233-4966 (Phone)
                                        (304) 233-4969 (Fax)

                                        *Counsel for Vernon Mercier*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

VERNON MERCIER, derivatively on behalf
of MASSEY ENERGY COMPANY,

                    Plaintiffs,

        v.

DON L. BLANKENSHIP, BAXTER
PHILLIPS, JR., DAN MOORE, E.
GORDON GEE, RICHARD M. GABRYS,
JAMES CRAWFORD, BOBBY R, INMAN,
ROBERT H. FOGLESONG, H. DREXEL
SHORT, JR., J. CHRISTOPHER ADKINS
and JEFFREY M. JAROSINSKI,

                  Defendants,

MASSEY ENERGY COMPANY, a
Delaware Corporation,

            Nominal Defendant.

CASE NO. 2:07-CV-00555

## CERTIFICATE OF SERVICE

I, J. Daniel Albert, do herby certify that on March 20, 2009, I electronically filed the

foregoing *Plaintiff and His Counsel's Response to Defendants' Joint Motion for Rule 11*

*Sanctions* using the CM/ECF system, which will send notification of such filing to the following

CM/ECF participants:

        Thomas V. Flaherty, Esq.
        Jeffrey M. Wakefield, Esq.
        Tammy R. Harvey, Esq.
        Elizabeth L. Taylor, Esq.
        FLAHERTY SENSABAUGH & BANASSO, PLLC
        200 Capitol Street
        P.O. Box 3843
        Charleston, WV 25301

*Counsel for Don L. Blankenship, Baxter Phillips, Jr., H.*
*Drexel Short, J. Christopher Adkins, Jeffrey M. Jarosinski,*
*Elizabeth Chamberlin and Thomas Cook.*
A.L. Emch, Esq.
Johathan L. Anderson
JACKSON KELLY PLLC
1600 Laidley Tower
Post Office Box 553
Charleston, WV 25322

Ronald S. Rolfe, Esq.
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

*Counsel for Defendants Dan R. Moore, E. Gordon Gee,*
*Richard M. Gabrys, James B. Crawford, Bobby R. Inman,*
*Robert H. Foglesong, Lady Barbara Thomas Judge,*
*Stanley C. Suboleski and Nominal Defendant Massey*
*Energy Company.*

I further certify that I have also mailed the foregoing ***Plaintiff and His Counsel's***

***Response to Defendants' Joint Motion for Rule 11 Sanctions*** via Fedex, to the following non-

CM/ECF participants:

Julie A. North
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

*Counsel for Defendants Dan R. Moore, E. Gordon Gee,*
*Richard M. Gabrys, James B. Crawford, Bobby R. Inman,*
*Robert H. Foglesong, Lady Barbara Thomas Judge,*
*Stanley C. Suboleski and Nominal Defendant Massey*
*Energy Company.*

s/ J. Daniel Albert
J. Daniel Albert